IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **NADER MODANLO,** | * | |
| Appellant, | * | |
| | * | **United States District Court** |
| v. | | **Case No.: PWG-17-2544** |
| | * | |
| **CHERYL E. ROSE, CHAPTER 7 TRUSTEE OF THE ESTATE OF FINAL ANALYSIS, INC.,** | * | |
| Appellee. | * | |

## MEMORANDUM OPINION AND ORDER

In a protracted Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Maryland, Offit Kurman, P.A. ("Offit Kurman") served as Special Counsel to Cheryl E. Rose, the Chapter 7 Trustee of the Estate of Final Analysis, Inc. ("Trustee"). *In re Final Analysis, Inc.*, Bankr. Case No. 01-20139 TJC. Offit Kurman and the Trustee's prior special counsel filed a series of applications for compensation for services rendered, *see, e.g.*, ECF Nos. 3-57, 3-70, 3-76, 4-79 (Seventh Application, Eighth Application, Ninth and Final Application, Tenth and Final Application), culminating in a July 13, 2017 Final Application for Compensation and Reimbursement of Expenses of Offit Kurman, P.A. as Special Counsel to Cheryl E. Rose, Chapter 7 Trustee, ECF No. 3-42. On August 21, 2017, the Bankruptcy Court signed an Order Granting Application for Compensation for Offit Kurman, P.A. as Special Counsel to Cheryl E. Rose, Chapter 7 Trustee ("Order Granting Application"), which was entered on the docket the next day. ECF No. 1-1.

Nader Modanlo, a principal of the Debtor, has filed an appeal from that Order Granting Application, ECF No. 1, and Offit Kurman has filed a Motion to Dismiss Appeal, ECF No 25, which the parties fully briefed, ECF Nos. 28, 29. Having reviewed the parties' briefs and the record, I find oral argument unnecessary. *See* Fed. R. Bankr. P. 8012; Loc. R. 105.6. I conclude that this Court has jurisdiction over the appeal and that Modanlo waived his right to challenge the compensation and fees awarded in the Order Granting Application. Accordingly, Offit Kurman's Motion IS GRANTED, and Modanlo's appeal IS DISMISSED.

## **Jurisdiction**

Offit Kurman argues that this Court lacks jurisdiction to hear Modanlo's appeal because the Order Granting Application was not a final, appealable order. Appellee's Mot. 1. Although Appellee presents this as a second, alternative argument, jurisdiction must be addressed as a threshold matter. *See Steel Co. v. Citizens for a Better Envir.*, 523 U.S. 83, 94–95 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868). 'On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.' *Great Southern Fire Proof Hotel Co. v. Jones,* [177 U.S. 449, 453 (1900)]. The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884).").

Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals

> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> of bankruptcy judges [in this District] entered in cases and proceedings referred to the bankruptcy judges under section 157 of [Title 28].

28 U.S.C. § 158(a). "Thus, by statute, an appeal of right exists only from a final judgment, and any other appeal, *i.e.,* from an interlocutory order, may lie only upon obtaining leave of the court." *Kore Holdings, Inc. v. Rosen (In re Rood),* 426 B.R. 538, 546 (D. Md. 2010).

In the context of a bankruptcy case, "the concept of finality . . . has traditionally been applied 'in a more pragmatic and less technical way in bankruptcy cases than in other situations.'" *A .H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 1009 (4th Cir. 1986). Indeed, "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank,* ––– U.S. –––, –––, 135 S. Ct. 1686, 1692 (2015) (quoting Ho*ward Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006)). This is because "[a] bankruptcy case involves 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Id.* (quoting 1 *Collier on Bankr*. ¶ 5.08[1][b], at 5–42 (16th ed. 2014)). Under this more relaxed standard, a bankruptcy "order is final and appealable if it (i) finally determines or seriously affects a party's substantive rights, or (ii) will cause irreparable harm to the losing party or waste judicial resources if the appeal is deferred until the conclusion of the bankruptcy case." *Kore Holdings (In re Rood),* 426 B.R. at 547.

Here, the order appealed from is an order granting an application for compensation for a professional. It is true that "[t]h general rule is that *interim* awards of attorney's fees are interlocutory orders and therefore not immediately appealable as a matter of right under 28 U.S.C. § 158(a)." *In re Glob. Marine, Inc.*, 108 B.R. 1009, 1010 (S.D. Tex. 1988) (emphasis added) (citing *In re Int'l Envtl. Dynamics, Inc.,* 718 F.2d 322, 325 (9th Cir. 1983); *Callister v. Ingersoll–Rand Financial Corp. (In re Callister),* 673 F.2d 305, 307 (10th Cir. 1982); *In re Dencol Cartage & Distribution, Inc.,* 20 B.R. 645 (D. Colo. 1982)). But, Offit Kurman's application was a "*Final* Application."

Certainly, Offit Kurman argues that, even though it titled its application as a "Final Application," after the application was filed,

> the Trustee learned of a new asset and, with Modanlo's consent, the Estate performed additional work to bring more funds into the Estate from an unexpected source. Furthermore, the Estate incurred additional fees to address Modanlo's communication opposing the Application as well as to participate in the appeal of the Order. As a result of Modanlo's breach of the Agreement, the Estate may recover the fees expended to administer the Estate and to address the breach of the Agreement. The new, additional fees are damages permitted by contract to the Estate and continue so long as Modanlo objects to applications for compensation by the professionals and/or appeals such decisions.

Appellee's Mot. 8. In its view, "[t]hese additional services show that the Order was not final." *Id.* It is true that this is not the first "final" application Offit Kurman has filed. *See* Ninth and Final Application; Tenth and Final Application. And, on the day after the Bankruptcy Court signed the Order Granting Application, the Trustee did file a Motion to Sell Known or Unknown Claims, Property Rights, Assets, Which Have Not Been Previously Sold, Assigned or Transferred, ECF No. 4-108, continuing the activities in the bankruptcy proceeding. Yet, Offit Kurman does not identify any authority holding that later docket filings change the final nature of a previously signed order.

And, although neither party has provided any case law or statute specifically addressing the appealability of a bankruptcy court's order on a final application for compensation, the same reasoning that makes an interim award *not* immediately appealable suggests that a final award *is* immediately appealable: "The Bankruptcy Court retains jurisdiction over [interim] awards and can make adjustments by means of future awards or amendments of prior ones *until it rules upon a final application for compensation.*" *In re Glob. Marine, Inc.*, 108 B.R. at 1010 (emphasis added) (citing 11 U.S.C. § 331; *Callister,* 673 F.2d at 306–07; 3 *Collier on Bankr.* § 331.03 at 331–8 & 9 (15th ed. 1987)). Moreover, a bankruptcy court's order on a final application for compensation "dispose[s] of [a] discrete dispute[] within the larger case." *See Bullard*, 135 S. Ct. at 1692. Further, it "finally determines" Offit Kurman's entitlement to compensation, and delaying resolution would waste judicial resources because the amount of compensation to Offit Kurman affects the amount available for distribution to creditors. *See Kore Holdings (In re Rood),* 426 B.R. at 547. I am satisfied that this Court has jurisdiction over Modanlo's appeal. See *Bullard*, 135 S. Ct. at 1692; *Kore Holdings (In re Rood),* 426 B.R. at 547; *In re Glob. Marine, Inc.*, 108 B.R. at 1010.

## Waiver

Offit Kurman also argues that "the Trustee, the Appellant and his related entities entered into a settlement agreement dated October 6, 2004 ('Agreement') to resolve their differences and to prevent further conflict during the administration of the Estate," and that "Agreement barred Modanlo from filing certain pleadings during the administration of the bankruptcy estate, including the right to object to the application for compensation of the Trustee or Special Counsel." Appellee's Mot. 3. It relies on Section 3 of the Agreement, which provides:

> **Modanlo Group Objections & Further Participation in the Bankruptcy Proceedings.**

> (a) It is expressly acknowledged and understood that this settlement will completely end any and all participation by the Modanlo Group and the Trustee against one another in the bankruptcy court and otherwise. To that end, upon final judicial approval of this Agreement *each member of the Modanlo Group* will withdraw all pending objections and *shall agree to refrain from participating in any future FAI proceedings in any way adverse to the Estate or the Trustee including future objections to administrative fees*. Notwithstanding the foregoing, the Modanlo Group will be permitted to take those actions directly related to seeking recovery of their proofs of claims including objecting to proofs of claims filed by other creditors as provided in Subsection 2 above.

Agr. § 3, ECF No. 25-1 (emphasis added). The Bankruptcy Court agreed that "Modanlo . . . contractually bargained away his right to object to the compensation of professionals as a creditor in this case in a Settlement Agreement dated October 66, 2004, and approved by th[e] [Bankruptcy] Court." Order Granting Application 1.

Modanlo now is objecting to the award of administrative fees to Offit Kurman. Thus, the issues to be resolved are (1) whether Modanlo's appeal of this fees award qualifies as a "future proceeding[] in any way adverse to the Estate or the Trustee," and (2) whether Offit Kurman, as Special Counsel to the Trustee, can enforce the Agreement. This Court "reviews a bankruptcy court's findings of fact for clear error and conclusions of law de novo." *Rosen v. Kore Holdings, Inc. (In re Rood)*, 448 B.R. 149, 157 (D. Md. 2011); *see In re Official Comm. of Unsecured for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). Also, this Court reviews the bankruptcy court's application of law to fact for abuse of discretion. *Coggins & Harman, P.A. v. Rosen (In re Rood)*, No. DKC-12-1623, 2013 WL 55650, at *2 (D. Md. Jan. 2, 2013).

> Pursuant to 11 U.S.C. § 327, and with exceptions not relevant here,
>
> the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). The Trustee employed Offit Kurman pursuant to this provision. *See* Ninth and Final Application ¶ 5 ("The Applicant [James M. Hoffman, Esq. and Offit Kurman] submits this Ninth and Final Application for Compensation and Reimbursement of Expenses necessarily incurred by Applicant in their representation of the Trustee pursuant to Sections 327, 328 and 330 of the Bankruptcy Code."); *see also id.* ¶¶ 2–3 ("The Trustee sought the retention of Applicant: (a) to appear for, prosecute, defend and represent the Trustee's interest in suits arising in or related to this case; (b) to investigate and prosecute potential fraudulent conveyance actions, preference actions, and any other avoidance actions; (c) to assist in the preparation of pleadings, motions, notices and orders regarding matters as are required for the orderly administration of this Estate; and (d) to consult with and advise the Trustee in connection with the liquidation of the property of the Estate . . . . The Applicant was retained as special counsel to the Trustee pursuant to an Order entered by this Court on December 14, 2001 . . . ."). Counsel appointed under this section "assist with certain preferential, avoidance, turnover or other litigation matters for the benefit of the estate." *In re Spence*, 497 B.R. 99, 104 (Bankr. D. Colo. 2013) ("Allowing Chapter 7 trustees to employ independent counsel ensures diligent, effective and expeditious management and administration of a bankruptcy case."); *see also In re Chewning & Frey Sec., Inc.*, 328 B.R. 899, 918 (Bankr. N.D. Ga. 2005) ("In bankruptcy, . . . the purpose and function of counsel for the trustee is to benefit the estate. In fact, all administrative claimants assist the debtor in maintaining or augmenting the size of the estate, thereby increasing distribution to creditors."). Thus, as Special Counsel, Offit Kurman works for the benefit of the Estate and the Trustee, and an action adverse to the Trustee's representative clearly also is an action adverse to the Trustee. Therefore, in the Agreement, Modanlo waived his right to object to the administrative fee award or pursue this appeal. *See* Agr. § 3.

As for enforcing this waiver, I note that the Agreement itself provides that it "shall be binding upon and inure to the benefit of, and be enforceable by, the parties hereto, their respective heirs, *legal representatives*, successors and assigns." Agr. § 13 (emphasis added). The Trustee is a party to the Agreement, *see id.* at 1, and Offit Kurman is her legal representative, Ninth and Final Application ¶¶ 2, 3, 5. Therefore, Offit Kurman may enforce the Agreement. *See* Agr. § 13. Consequently, even though this Court has jurisdiction to hear the appeal, Modanlo has waived his right to challenge the compensation and fees awarded in the Order Granting Application.

## Conclusion

Accordingly, I will grant Appellee's Motion, ECF No. 25, and dismiss this appeal.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is, this 2nd day of July, 2018, hereby ORDERED that

1. Appellee's Motion to Dismiss Appeal, ECF No. 25, IS GRANTED;
2. This Appeal IS DISMISSED;
3. The Clerk SHALL CLOSE this case; and
4. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Appellant.

/S/
Paul W. Grimm
United States District Judge

lyb